UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMSBURG NATIONAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>ROCKET ENGINEERING CORP.,<br><br>Defendant. | No. 2:16-cv-1052-KJM-KJN<br><br><br>ORDER |

Presently pending before the court is defendant's motion for terminating sanctions, or in the alternative, an adverse inference jury instruction, based on plaintiff's alleged alteration, destruction, and spoliation of evidence. (ECF No. 19.) The motion has been noticed for hearing on December 14, 2017. (ECF No. 24.) For the reasons discussed below, the motion is denied without prejudice as untimely.

If construed as a discovery motion, the motion is clearly untimely. The district judge's scheduling order required fact discovery to be completed by May 5, 2017, and expert discovery to be completed by August 7, 2017. (ECF No. 9 at 2-3.) In the scheduling order, the term "completed" means that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (Id. at 2.)

1

To be sure, defendant's motion is perhaps best interpreted as a dispositive motion, because it seeks the imposition of terminating sanctions, or in the alternative, an adverse inference jury instruction, which would be more suitably decided by the trial judge. However, even if construed as a dispositive motion, the motion is untimely, because the operative scheduling order requires all dispositive motions to be heard no later than September 22, 2017. (ECF No. 9 at 4.)

Therefore, the court denies the motion without prejudice as untimely. Nothing in this order precludes defendant from seeking appropriate relief from the scheduling order, such as seeking an extension of the dispositive motion deadline or seeking to have the motion heard as a motion *in limine*, matters to be decided in the district judge's discretion.

Accordingly, defendant's motion for terminating sanctions is DENIED WITHOUT PREJUDICE as untimely. This order resolves ECF No. 19.

IT IS SO ORDERED.

**DATED: September 18, 2017**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE